CRAIN, Judge.
Defendant, Archie Powell appeals devol-utively from a judgment of the district court which denied his motion challenging the amount of attorney fees obtained by counsel for plaintiff, Peoples Bank of Am-ite, in a foreclosure action against him. We affirm that judgment.
The sole issue presented on appeal is whether the defendant’s action was filed timely.
The facts surrounding this issue are not in contest.
On May 3, 1985 and January 31, 1986 respectively, defendant signed two certain promissory notes payable to the plaintiff bank. The notes were for the sums of $80,000 and $50,000 and were secured by collateral real estate mortgages executed on the same dates as the promissory notes. The notes and mortgages, in each instance, contained a provision that in the event of default or collection that the mortgagor would pay attorney fees in the amount of 25% of the outstanding balance including principal and interest. Following the July, 1988 payment, the defendant defaulted on these loans. Demand was made by the plaintiff against the defendant in the total amount of $142,079.73 as of December 5, 1988. On December 7, 1988, the plaintiff bank filed a petition for executory process seeking to foreclose against the collateral real estate securing the outstanding indebtedness. A notice of seizure and sale was issued by the Tangipahoa Sheriff’s Office on January 3, 1989. The real property, which was appraised for $185,560, was sold at public sale on March 8, 1989, for $129,-892.00. A process verbal was issued by the Sheriff’s Office on March 20, 1989.
On March 6, 1990, defendant, Archie Powell filed the subject motion wherein he attacked the attorney fees derived from the foreclosure as being excessive. He sought an order of the court fixing the attorney fees and directing the balance of the funds turned over to him from the Sheriff’s Office. The Sheriff’s Office filed a response on March 23, 1990, wherein they acknowledged the sale of the property and purchase by the plaintiff bank. They also stated that they were not holding any funds for distribution under the writ of seizure and sale. A response by the plaintiff bank was filed on April 9, 1990. The bank opposed the motion on several grounds, including its untimeliness, defen *1123 dant’s lack of standing, prematurity and privilege.
In conjunction with this action, defendant requested production of documentary evidence concerning the bank’s payment of attorney fees. The request was opposed on the basis of the attorney-client privilege.
The matter came for hearing on April 16, 1990.
A stipulation was entered into by the parties and the Sheriffs Office to the effect that if the Sheriffs Office representative was called, she would testify that the subject property was seized by their office, pursuant to a court order. The property was sold for $129,892. No funds were received from the bank nor disbursed by the Sheriff to the bank because the bid received was less than the claim. According to the stipulation, this office was not aware of the amount of attorney fees other than an amount which was stated in the petition.
The defendant testified that he sought to recover excess attorney fees. Subject to objection, he entered an accountant’s statement into evidence which stated that his loan balance, as of October 25, 1988 was $107,103.35. He also offered into evidence copies of the foreclosure proceeding in support of his claim.
On January 30, 1991 the trial court issued judgment dismissing defendant’s claim. In the written reasons for judgment, the court stated the following:
In the opinion of this Court, defendant did not contest the amount of attorney fees timely. C.C.P. Article 2753(C) provides for challenging the amount of attorney fees in a foreclosure proceeding.
Defendant agreed to the percentage of attorney fees, in the loan package. He did not choose to contest these fees as provided in the above cited article.
Defendant’s failure to timely contest the said attorney fees would not preclude him from contesting them in a suit for deficiency judgment.
The Court will sign a judgment dismissing defendant’s claim at his cost.
As stated by the trial court, Code of Civil Procedure Article 2753(C) clearly sets forth the time limitations within which one may assail the reasonableness of attorney fees which are set forth by mortgage. That codal article reads in pertinent part:
C.C.P. Art. 2753. Security not required in certain cases
* * * * * *
C. Notwithstanding any of the provisions of this Chapter to the contrary, a claim that the attorney’s fees established in the mortgage, security agreement, or privilege to be enforced are unreasonable shall not be grounds for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale. Any such claim may only be urged either:
(1) Prior to the sale by means of a rule to show cause filed not later than ten days, exclusive of holidays, prior to the sale, and tried summarily prior to the date of the sale, or
(2) In conjunction with a proceeding seeking a deficiency judgment to satisfy the debt for which the property was sold. In this case defendant did not file a rule
to show cause at least ten days prior to the date of the sale. Additionally, to date, no action for a deficiency judgment has been taken.
As such, an action taken after the confection of the sheriff’s sale and prior to an action for deficiency judgment is untimely. The ruling of the trial court is correct.
This disposition of the case renders the defendant’s motion for production moot. Additionally, because of this disposition of the case we do not reach the remaining issues on this subject raised by the parties.
For these reasons, the judgment of the trial court is affirmed at defendant’s costs.
AFFIRMED.